13-924
Chen v. Holder

BIA
Cheng, IJ
A087 475 403

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand fourteen.

PRESENT:
    JOSÉ A. CABRANES,
    GERARD E. LYNCH,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*
_____

YING QIANG CHEN,

        *Petitioner,*

        v.                                        13-924
                                                  NAC

ERIC H. HOLDER, JR., UNITED
STATES ATTORNEY GENERAL,

        *Respondent.*


_____

FOR PETITIONER:          Nataliya I. Gavlin, New York, New
                         York.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Terri J. Scadron, Assistant Director; Anthony W. Norwood, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ying Qiang Chen, a native and citizen of China, seeks review of a February 22, 2013, decision of the BIA affirming the December 14, 2010, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Ying Qiang Chen*, No. A087 475 403 (B.I.A. Feb. 22, 2013), *aff'g* No. A087 475 403 (Immig. Ct. N.Y. City Dec. 14, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well

2

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We conclude that the agency's findings provide substantial evidence to support the adverse credibility determination.  For asylum applications like Chen's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  We "defer therefore to [the agency's] credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

The agency reasonably based its adverse credibility determination on the inconsistencies between Chen's credible fear interview and statements he made in his asylum application and at his hearing.  A comparison shows substantial discrepancies.  Chen initially stated he fled China because his girlfriend was forced to have an abortion, but he applied for asylum based on that forced abortion and

3

alleged past persecution as a Falun Gong practitioner, including an arrest, beating, and detention. He explained that he failed to disclose his Falun Gong activities at the interview because: (1) he only recounted the most recent event; (2) "there [was not] enough time"; (3) he was told to leave the interview before he could finish; and (4) he was nervous. Given that Chen was asked during his interview whether there was anything else that was important to his claim, the agency was not required to credit these explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).[1]

Moreover, the agency reasonably relied on a further inconsistency with respect to Chen's arrest in China for Falun Gong. Chen stated at his interview that he had never been arrested for a serious crime, but stated in his asylum

---

[1] Chen also claimed that he was beaten by U.S. border patrol agents, and suggests that this played a role in the omission of his Falun Gong activities at his initial interview. However, as found by the agency, there is no evidence to support this accusation, he did not mention it in his credible fear interview, and he did not file a complaint.

application and testimony that he had been arrested in China for his Falun Gong activities. The agency reasonably rejected Chen's explanation that he forgot about the arrest and he was nervous at the interview, particularly given his ability to remember the seemingly less serious beating by family planning authorities.

Finally, the agency based its adverse credibility determination in part on Chen's demeanor and responses, finding that Chen's answers were "non-responsive and evasive," and, when asked why he failed to mention Falun Gong during credible fear interview, he was "hesitant and vague." We give "particular deference to credibility determinations based on the adjudicator's observation of the applicant's demeanor." *Shu Wen Sun v. BIA*, 510 F.3d 377, 381 (2d Cir. 2007) (per curiam) (internal quotation marks and citation omitted).

Having called Chen's credibility into question, the agency reasonably determined that his failure to corroborate his girlfriend's abortion and his Falun Gong activities further undermined his asylum claim. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (providing that "[t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, *but only if* the applicant

5

satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee" (emphasis added)). "An applicant's failure to corroborate [his] testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). It was reasonable for the agency to reject Chen's explanation that he had lost contact with his former girlfriend, because he made no attempt to contact her or at least did not describe any such attempt. *See* 8 U.S.C. § 1254(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . [unless] a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."). Moreover, as the agency noted, the only corroborating evidence Chen submitted was a letter from his mother, an interested witness who was not subject to cross-examination. *See Matter of H-L-H & Z-Y-Z*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished evidentiary weight to letters from relatives because they were "interested witnesses who were not subject to cross-

examination"), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding weight accorded to applicant's evidence lies largely within agency discretion).

Given that Chen's omission, inconsistencies, and lack of corroboration all relate to the main bases of his asylum claim, the totality of the circumstances supports the adverse credibility determination. Because all of Chen's claims depend on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang*, 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7